762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT A. HOGAN, PETITIONER-APPELLANT,
v.
OHIO ADULT PAROLE AUTHORITY, RESPONDENT-APPELLEE.
 NO. 84-3784
 United States Court of Appeals, Sixth Circuit.
 4/15/85
 ORDER
 
 1
 Petitioner appeals pro se from the district court order dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The certified record has been received by this Court and petitioner's notice of appeal is construed as an application for a certificate of probable cause. Petitioner also moves the Court for appointment of counsel. Petitioner alleges that his rights were violated when he was denied parole after serving a one year flat sentence for a conviction petitioner received on parole. Petitioner filed an informal brief.
 
 
 2
 Petitioner was originally convicted in two separate cases and sentenced to serve two concurrent terms of up to five years. On admission to the prison, he was assigned no. 165-573 for identification purposes. While on parole for the aforementioned offenses, petitioner pleaded guilty and was convicted of another criminal offense. He received a flat sentence of one year. When petitioner was incarcerated the second time, he was assigned identification no. 175-262. Petitioner waived his formal parole revocation hearing and his parole was revoked. The respondent, Ohio Adult Parole Authority, denied petitioner parole after he served the one year flat sentence.
 
 
 3
 There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1978). Some state parole statutes create a liberty interest; Ohio's does not. See Jago v. Van Curen, 454 U.S. 14, 16 (1981). Parole for Ohio prisoners, therefore, lies wholly within the discretion of the adult parole authority. Jago, supra. Petitioner contends that his rights were violated because he was denied parole while identified under no. 175-262 rather than no. 165-573. We see no connection between the parole authority's denial of parole on petitioner's original offenses and the use of identification numbers by prison officials for administrative purposes. The parole authority had the authority to deny parole on the original sentence no matter what petitioner's prisoner identification number might be.
 
 
 4
 Petitioner also contends that he waived his formal parole revocation hearing because he was told he would be released after serving his one year flat sentence. The waiver form, however, reads exactly to the contrary. The parole board did not abuse its discretion by denying petitioner parole and making him continue to serve his sentence on the original convictions, irrespective of petitioner's good behavior during his period of reincarceration.
 
 
 5
 Accordingly, it is ORDERED that petitioner's motion for appointment of counsel and his application for a certificate of probable cause are denied.